# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 02-4131

JOHN D. HORTON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-4-H)

Submitted: July 25, 2003

Decided: August 14, 2003

Before WILKINSON and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

John D. Horton, Appellant Pro Se. Anne Margaret Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John D. Horton appeals the district court order affirming the magistrate judge's judgment finding Horton guilty of destruction of government property, in violation of 18 U.S.C. § 1361 (2000), and resisting, delaying, or obstructing a police officer, in violation of 18 U.S.C. § 13 (2000) (assimilating N.C. Gen. Stat. § 14-223 (2003)). Horton, who proceeds pro se on appeal, raises numerous challenges to his conviction. We conclude his convictions must be vacated and remanded for the following reasons.

A magistrate judge may not try a case unless the defendant consents, either in writing or on the record, to disposition by the magistrate judge. 18 U.S.C. § 3401 (2000). There is no record Horton ever gave his consent in any form, and the Government concedes Horton is entitled to a new trial for this reason. We agree and vacate Horton's convictions and remand for further proceedings.

Horton raises four arguments that, if meritorious, could require the dismissal of one or both counts. Horton asserts the information was insufficient; that he was the victim of prosecutorial vindictiveness; that the resisting an officer count was not properly assimilated under the Assimilative Crimes Act; and the Air Force initiated the stop of his vehicle without probable cause. Horton failed to assert these issues before trial. Therefore, we review for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993).

First, Horton argues the information was insufficient as to the resisting an officer count. We have reviewed the information and find no error. *See United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003).

Second, Horton argues he was the victim of a vindictive prosecution. To establish prosecutorial vindictiveness, Horton must show through objective evidence that the prosecutor acted with genuine animus toward him and, but for the animus, he would not have been prosecuted. *See United States v. Wilson*, 262 F.3d 305, 314 (4th Cir.

2001), *cert. denied*, 535 U.S. 1053 (2002). Horton conclusorily asserts the Air Force's actions were attributable to his EEO and Merit Systems Protection Board complaints against the Air Force. We find Horton has not demonstrated plain error in this respect.

Horton argues the district court did not have jurisdiction over the charge of resisting a police officer because the offense was not properly assimilated under the Assimilative Crimes Act. Horton argues his conduct was encompassed in the federal obstruction statutes. We have reviewed those statutes and find no plain error in this regard.

Horton also argues the Air Force did not have probable cause to stop him because he was never charged with a crime for the circumstances that led to the initial stop. We find Horton has not established plain error as to this claim. *See United States v. Jenkins*, 986 F.2d 76 (4th Cir. 1993); *United States v. Hassan El*, 5 F.3d 726 (4th Cir. 1993).

We deny Horton's motion for an independent counsel, for class action status, and for an injunction. Because we vacate Horton's convictions and remand for further proceedings for the reasons stated above, we decline to address the remainder of his claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*